**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN LYNCH MURRAY,

      Plaintiff,

v.                                            Case No:   6:24-cv-6-CEM-LHP

JANELLE IRWIN TAYLOR, PETER D.
SCHORSCH and EXTENSIVE
ENTERPRISES MEDIA, LLC,

      Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT (Doc. No. 7)
>
> **FILED:**     February 16, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:**   PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT (Doc. No. 8)
>
> **FILED:**     February 16, 2024

| |
|---|
| **THEREON** it is **ORDERED** that the motion is **DENIED**. |

Plaintiff's requests for default judgment are premature both because Plaintiff has yet to obtain entry of Clerk's default and because the deadline by which Defendants may respond to the complaint has been extended to March 18, 2024. *See* Doc. No. 12. Accordingly, Defendants are not yet in default, which is a prerequisite for obtaining default judgment. *See Brantley v. Drug Enf't Admin.*, No. 2:15-cv-802-FtM-29CM, 2016 WL 7440836, at *2 (M.D. Fla. Dec. 27, 2016) (under Federal Rule of Civil Procedure 55, "a Clerk's default must be entered prior to the entry of default judgment.").

| |
|---|
| **MOTION:** PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO APPLICATIONS FOR DEFAULT AND FOR DEFAULT JUDGMENT (Doc. No. 14) |
| **FILED:** February 22, 2024 |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. |

Plaintiff's motion to strike Defendants' opposition (Doc. No. 11) to Plaintiff's default judgment motions is denied as moot given the denial of Plaintiff's motions for default judgment.

| |
|---|
| **MOTION:** PLAINTIFF'S MOTION FOR CLARIFICATION OF LEGAL REASONING FOR GRANTING EXTENSION (Doc. No. 15) |
| **FILED:** February 22, 2024 |

> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Upon consideration, to the extent Plaintiff's motion for clarification is construed as a motion to reconsider the Court's Order granting Defendants' request for additional time to respond to the Complaint (Doc. No. 12), the motion does not comply with any of the legal standards for reconsideration. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) ("[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989) (a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Moreover, the Order speaks for itself and requires no further clarification. If Plaintiff has further questions about applicable legal standards, because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties