**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN LYNCH MURRAY,

    Plaintiff,

v.                                                     Case No:   6:24-cv-6-CEM-LHP

JANELLE IRWIN TAYLOR, PETER D.
SCHORSCH and EXTENSIVE
ENTERPRISES MEDIA, LLC,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' MOTION TO STAY DISCOVERY AND CASE DEADLINES PENDING RESOLUTION OF THEIR MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 22)
>
> **FILED:** April 18, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On January 22, 2024, Plaintiff filed a 258-page complaint against the above-named Defendants in this matter, appearing to allege claims under 42 U.S.C. § 1983

for violations of Plaintiff's constitutional rights. Doc. No. 1. On March 18, 2024, Defendants moved to dismiss Plaintiff's complaint with prejudice, arguing that the complaint is a shotgun pleading, fails to plead a plausible claim under Section 1983, and that Plaintiff's claims were previously raised and dismissed in prior actions in both Florida state court and the United States District Court for the Southern District of Florida and should thus be barred under the doctrines of res judicata and collateral estoppel. Doc. No. 18.

By the above-styled motion, Defendants seek a stay of discovery pending resolution of its motion to dismiss. Doc. No. 22. Defendants argue good cause to stay discovery exists in this matter because Defendants' motion to dismiss is "clearly meritorious, and it will dispose of this entire case." *Id.*, at 4. Plaintiff opposes. Doc. No. 25.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery are generally disfavored and are not ordinarily granted when the discovery sought may be necessary to defend against the motion or when the motion may not dispose of the entire case. *Hovermale v. School Bd. of Hillsborough County, Fla.*, 128 F.R.D. 287, 289 (M.D. Fla.

1989). In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

Having taken a "preliminary peek" at the merits of the motion to dismiss, but without expressing any opinion on its final resolution (Doc. No. 18), the Court finds a stay of discovery is warranted. Moreover, Plaintiff's response — which consists primarily of a series of rhetorical questions to the Court and attacks on Defendants' motion to dismiss — does not articulate how Plaintiff would be prejudiced by a brief stay of discovery. *See* Doc. No. 25. And given the early stages of this case, the Court fails to see any prejudice that will be suffered by Plaintiff while the claims and legal issues in this case are clarified and/or resolved.

Accordingly, Defendants' Motion to Stay Discovery and Case Deadlines Pending Resolution of their Motion to Dismiss (Doc. No. 22) is **GRANTED**. All discovery in this matter, including the requirements that the parties conduct a case management conference and file a case management report, *see* Local Rule 3.02, are

hereby **STAYED** pending the Court's ruling on Defendants' Motion to Dismiss (Doc. No. 18).

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties