UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN LYNCH MURRAY,**

       **Plaintiff,**

v.                                                      Case No. 6:24-cv-6-CEM-LHP

**JANELLE IRWIN TAYLOR,
PETER D. SCHORSCH, and
EXTENSIVE ENTERPRISES
MEDIA, LLC,**

       **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss ("Motion," Doc. 18), to which Plaintiff filed a Response (Doc. 19). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 37), recommending that the Motion be granted in part and denied in part. (*Id.* at 14). Plaintiff filed Objections (Doc. 39).

Plaintiff brings three causes of action against Defendants: "Stigma Plus a Protected Interest" (Count I); "Plus Deprived of Political Speech" (Count II); "Plus Deprived of Due Process" (Count III)—citing the First, Fourth, Fifth, Sixth and Fourteenth Amendments and the "Ku Klux Klan Act 42 USC 1983." (*See generally* Doc. 1). Plaintiff seeks to enjoin Defendants from writing articles or speaking

publicly about Plaintiff while also seeking compensatory and punitive damages. (*See id.* at 256–57).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Plaintiff's objection is timely, and he makes five listed objections. However, none of these objections address a particular portion of Magistrate Judge's findings or recommendations in the R&R. (*See* Doc. 39 at 6–8). Neither does Plaintiff's following "List of Remedies" clarify exactly what portions of the R&R he finds objectionable. (*See id.* at 8–10). Such vague arguments, without factual or legal support, need not be addressed by the Court. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases); *Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived, whether based on federal law, the law of

the forum state, or the law of a foreign state." (citing *Pruitt v. P.P.G. Industry, Inc.*, 895 F.2d 734 (11th Cir. 1990))). These objections and proposed remedies ask questions of and seek clarifications from the Court rather than provide any argument about the R&R. However, the Court cannot provide legal advice to Plaintiff. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Early in its history, [the Supreme] Court held that it had no power to issue advisory opinions . . . .").

Upon review of the R&R, the Court agrees that Plaintiff's "complaint is neither short nor plain. The [258]–page document is a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citing *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir.2002)). "Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Id.* (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering the Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 39) are **OVERRULED**.

2. The Report and Recommendation (Doc. 37) is **ADOPTED** and made a part of this Order.

3. Defendants' Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part**.

   a. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

   b. In all other respects, the Motion is **DENIED**.

4. **On or before November 18, 2024,** Plaintiff may file an Amended Complaint that addresses the pleading deficiencies outlined in the Report and Recommendation. Failure to timely do so will result in this case being closed without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party