## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

STEPHEN LYNCH MURRAY,

        Plaintiff,

v.                                                    Case No:   6:24-cv-6-CEM-LHP

JANELLE IRWIN TAYLOR, PETER D.
SCHORSCH and EXTENSIVE
ENTERPRISES MEDIA, LLC,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Defendants' Motion to Dismiss with Incorporated Memorandum of Law (Doc. No. 43), which motion has been referred to the undersigned for issuance of a report and recommendation.   Plaintiff responds in opposition.   Doc. No. 44.   For the reasons discussed herein, the undersigned will respectfully **RECOMMEND** that Defendants' motion (Doc. No. 43) be **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY.

On January 22, 2024, Plaintiff Stephen Lynch Murray, appearing *pro se*, filed a 258-page complaint against Defendants Janelle Irwin Taylor, Peter D. Schorsch, and Extensive Enterprises Media, LLC ("EEM"), asserting claims under 42 U.S.C. §

1983.   Doc. No. 1.   Defendants appeared in the case and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint constituted a shotgun pleading, failed to state any claims, and that Plaintiff's claims were barred by *res judicata* and collateral estoppel.   Doc. No. 18.   On referral, the undersigned issued a report and recommendation that the motion be granted in part, such that the complaint be dismissed as a shotgun pleading with leave to replead.   Doc. No. 37.   The Court adopted the report over Plaintiff's objections, dismissed the complaint without prejudice, and allowed Plaintiff to file an amended complaint.   Doc. No. 41; *see also* Doc. No. 39.

On November 15, 2024, Plaintiff timely filed an amended complaint.   Doc. No. 42.   Like the initial complaint, the amended complaint is not a model of clarity. *Compare* Doc. No. 1, *with* Doc. No. 42.   The 120-page, 286-paragraph pleading is premised on the same basic facts as the initial complaint, such that Plaintiff alleges Defendants essentially defamed him and violated his rights by publishing an article about his arrest.   *E.g.*, Doc. No. 42, at 32, 41, 73–74.   But a substantial portion of the amended complaint is a lengthy narrative addressing several tangential issues unrelated to the specific conduct of Defendants, to include a long diatribe on Florida defamation law and defamation law in general, citations to and discussions of various case law, practices of law enforcement and police lying in arrest affidavits, Plaintiff's crusade of auditing law enforcement activities, Plaintiff being tracked

and harassed by law enforcement for a six-year period, and the use of local news to "immunize" "prosecutor crimes," among other things. *See generally* Doc. No. 42. Plaintiff again alleges that he filed a defamation action against Defendants in state court, but that matter was dismissed. *E.g.*, *id.* ¶ 182. Plaintiff purports to bring claims under "42 USC 1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendments, and the 'stigma plus' standard in *Paul v. Davis*[,] 424 U.S. 693, 711 (1976)," but asserts three unidentified "claims" against Defendants collectively. *Id.* at 1, 108–17. Plaintiff requests injunctive relief, as well as compensatory and punitive damages. *Id.* at 118.

Defendants again move to dismiss. Doc. No. 43. Plaintiff opposes. Doc. No. 44. The matter has been referred to the undersigned and is ripe for review.

## II.    LEGAL STANDARDS.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, "Rule 10 of the Federal Rules of Civil Procedure requires that each claim be separated into separate counts and supported by distinct factual allegations." *Bagley v. City of Tampa*, No. 8:07-cv-218-T-27EAJ, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007) (citing Fed. R. Civ. P. 10(b)). Although a court must accept as true

well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir.

1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *See also Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) ("[L]iberal construction is not the same thing as wholesale redrafting."). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("We construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Nevertheless, we 'have little tolerance for shotgun pleadings.'" (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), and quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018))).[1]

## III.    ANALYSIS.

As noted above, Plaintiff's initial complaint was dismissed as a shotgun pleading. Doc. Nos. 37, 41. Specifically, Plaintiff's initial complaint constituted the first, second, and fourth type of shotgun pleading because: (1) it did not identify which factual allegations related to which claim and in essence incorporated all factual allegations into all three claims; (2) it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" because it included over 250 pages of factual statements, narrative arguments, and

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

legal conclusions without ever clearly connecting any allegations to a specific cause of action beyond conclusory references; and (3) the complaint was brought against three different Defendants without identifying which Defendant was responsible for which alleged violation(s) of Plaintiff's rights.   Doc. No. 37, at 7–9; Doc. No. 41.

Upon consideration, the undersigned agrees with Defendants that the amended complaint suffers from many of the same deficiencies.   *See* Doc. No. 43. The amended complaint again references "42 USC 1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendments" at the outset, and Plaintiff again brings three claims.   Doc. No. 42.   This time, however, the claims are not labeled, and it is not entirely clear what causes of action Plaintiff is attempting to assert.   *See id.* at 108–19; *see also Roett O'Connor v. City of Pelham*, No. 2:24-CV-401-ACA, 2024 WL 3333030, at *1 (N.D. Ala. July 8, 2024) (finding complaint shotgun pleading where it was filed against six defendants and did not identify the claims asserted).

Moreover, like the initial complaint, Plaintiff incorporates no specific factual allegations into the claims set forth in the amended complaint, and the amended complaint again necessarily incorporates all of the allegations of the amended complaint into each claim.   Doc. No. 42, at 108–19; *see also Griffin v. Calderon*, No. 6:24-cv-1432-PGB-LHP, 2024 WL 5378959, at *4 (M.D. Fla. Dec. 23, 2024), *report and recommendation adopted*, 2025 WL 350401 (M.D. Fla. Jan. 31, 2025) (finding complaint a shotgun pleading because while it "contains seventy-seven (77) pages of facts

relating to the various defendants, none of the causes of action asserted refer to, incorporate, or re-allege those facts in support"); *Harris v. Winn Dixie Stores, Inc.*, No. 6:17-cv-2140-Orl-40DCI, 2019 WL 13272268, at *4 (M.D. Fla. Feb. 15, 2019) (dismissing amended complaint where each count incorporated by reference the exact same factual allegations, and the second of which incorporated all of the facts from the preceding count).

Moreover, the amended complaint remains the second type of shotgun pleading because it is still "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Indeed, although the amended complaint is now only 120 pages in length, it still "largely consists of lengthy narratives on a variety of topics with no clear relation to any specific claims for relief." *See* Doc. No. 37, at 6. *See also Holiday Haven Homeowners, Inc. v. Taranto*, No. 6:21-cv-174-CEM-EJK, 2021 WL 2905488, at *2 (M.D. Fla. May 24, 2021) (finding complaint second type of shotgun pleading that included "immaterial facts . . . wholly irrelevant to the action" which "require[d] the district court . . . to sift through the facts presented and decide for itself which are material to the particular cause of action asserted, a difficult and laborious task indeed" (quotation, citation, and alterations omitted)).

Further, the amended complaint is still the fourth type of shotgun pleading because it continues to refer to the collective "Defendants"; however, the claims do

not specifically incorporate any facts from other parts of the amended complaint, and it is entirely unclear from the pleading which acts for each cause of action are alleged to have been taken by each specific Defendant.    *See* Doc. No. 42, at 108–18; *see also Pyatt v. Gimenez*, No. 1:20-CV-20827, 2020 WL 4003495, at *5 (S.D. Fla. July 15, 2020) (dismissing complaint where it "suffer[ed] from the second and fourth 'sins' of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions and of alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"); *Woodroffe v. Coffin*, No. 8:18-cv-3023-T-23CPT, 2019 WL 4718965, at *3 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 4694736 (M.D. Fla. Sept. 26, 2019) ("[Plaintiff's] scattershot references to these Defendants throughout his pleading denies them fair notice of the allegations against them and thus contravenes the rules of civil procedure.").

In sum:

Far from a "short and plain statement," Plaintiff's Complaint is a lengthy narrative that includes Plaintiff's opinions, speculations, and varied allegations about a wide variety of topics, intermittently labeled with headings . . . .    The allegations are sometimes connected to a particular Defendant or set of Defendants but sometimes not, making it virtually impossible to understand who did what and when. . . .    It is disjointed, repetitive, and replete with longwinded recitations of immaterial statements, suppositions, and speculations . . . .    A court is under no obligation to parse all of this out to identify what specifically Plaintiff is claiming as to each Defendant.    Because it is a shotgun pleading in every sense of the term, the Complaint fails to state a claim and should be dismissed.

*See Murray v. Archer*, No. 21-14355-CIV, 2022 WL 6569711, at *6–7 (S.D. Fla. Aug. 19, 2022), *report and recommendation adopted*, 2022 WL 3973990 (S.D. Fla. Sept. 1, 2022), *aff'd*, No. 22-13155, 2023 WL 6381523 (11th Cir. Oct. 2, 2023) (dismissing related shotgun complaint filed by Plaintiff).

Accordingly, the amended complaint is due to be dismissed as a shotgun pleading. Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017). Plaintiff has been given that opportunity here, Doc. Nos. 41, 42, but has not rectified the pleading deficiencies. Nor has Plaintiff requested leave to file a second amended complaint. *See* Doc. No. 44. Accordingly, the undersigned will recommend that the matter be dismissed without further opportunity to replead. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (a district court does not abuse its discretion in dismissing with prejudice a shotgun pleading if the plaintiff is given an opportunity to first remedy the defects and fails to do so); *Gurrera v. Palm Beach Cty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016) (Eleventh Circuit "precedent does not require affording *pro se* plaintiffs multiple opportunities to amend"). Because dismissal is proper, it is unnecessary for the Court to address the remainder of Defendants' arguments.[2]

---

[2] Even if the Court reached the remaining issues, the undersigned agrees with Defendants that Plaintiff has not adequately pleaded that they are state actors for purposes

## III.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.    **GRANT** Defendants' Motion to Dismiss (Doc. No. 43)**;**

2.    **DISMISS** the amended complaint (Doc. No. 42); and thereafter

3.    **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

---

of a § 1983 claim.  *See* Doc. No. 43, at 8–9; *see also, e.g.*, *Medina v. Facebook, Meta Platforms, Inc.*, No. 3:23-cv-1348-HLA-MCR, 2023 WL 8234586, at *2 (M.D. Fla. Nov. 28, 2023) (dismissing case against Facebook because "[a] private party rarely can be considered a state actor for purposes of section 1983"); *Halleran v. Levy Cty. News J.*, No. 1:16-CV-212-MP-GRJ, 2016 WL 7165744, at *2 (N.D. Fla. Oct. 6, 2016) (dismissing § 1983 case for failure to establish newspaper was a state actor).  Instead, what Plaintiff is alleging against the named Defendants appears to be a defamation claim over which this Court would not have jurisdiction, and which, as Defendants argue, has previously been litigated in state court. *See* Doc. No. 43-4.  *See also Spencer v. The Times Daily*, No. 5:15-CV-00099-AKK-HGD, 2015 WL 7770221, at *2 (N.D. Ala. Oct. 13, 2015), *report and recommendation adopted*, 2015 WL 7755421 (N.D. Ala. Dec. 2, 2015) ("[C]laims of defamation do not state a violation of federal law and are not cognizable in a § 1983 civil rights action." (citing *Paul v. Davis*, 424 U.S. 693, 694 (1976))).

Recommended in Orlando, Florida on March 26, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy